UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**TYRONE RAYMOND BOLTON**,<br><br>Defendant. | **Case No.** 23-00358-01/13-CR-H-LHR |

**MOTION OF THE UNITED STATES FOR A
PRETRIAL DETENTION HEARING PURSUANT
TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)**

The United States of America, by the United States Attorney for the Southern District of Texas, does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure Defendant's appearances as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that Defendant committed offenses for which the maximum sentence is life imprisonment;

2. There is probable cause to believe that Defendant committed a violation of the Controlled Substances Act punishable by 10 or more years of imprisonment; and

3. There is probable cause to believe that Defendant committed a felony offense that involves the possession or use of a firearm.

**SUPPORTING SUGGESTIONS**

Subsection 3142(f) of Title 18 of the United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure a defendant's appearance and the safety of any other person in

1

the community if the Government moves for such a hearing and if the case is for offenses punishable by life imprisonment, violations of the Controlled Substances Act punishable by 10 or more years of imprisonment, or involve the possession or use of a firearm. 18 U.S.C. § 3142(f)(1)(B), (C), & (E). In this case, Defendant is charged with multiple offenses punishable by up to life imprisonment and Counts Two and Three are violations of the Controlled Substances Act punishable by 10 or more years of imprisonment. Additionally, Count Four charges possession of a firearm in furtherance of a drug trafficking crime, and therefore necessarily involves the use or possession of a firearm.

For pretrial detention to be ordered, the Government must demonstrate that no conditions will reasonably assure a defendant's appearance by a preponderance of the evidence, or that no conditions will reasonably assure the safety of the community by clear and convincing evidence. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). Section 3142(g) lists the factors this Court should consider in determining whether the Court can fashion conditions that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." These factors include: (1) the nature and the circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and the characteristics of the defendant, including his or her criminal history; and (4) the nature and the seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). Danger to the community not only refers to physical violence, but also encompasses any likely conduct that will harm the community, including the potential for continued criminal activity. *United States v. Tortora*, 922 F.2d 880 (1st Cir. 1990); *see also United States v. Boy*, 322 F. App'x 598, 600 (10th Cir. 2009) ("The concept of safety of the community under § 3142(e) is not limited to the danger of physical violence, but rather refers to the danger that the defendant might engage

in criminal activity to the detriment of the community." (internal quotation and citation omitted)).

Additionally, under the Bail Reform Act, there is a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See, e.g.*, *United States v. Apker*, 964 F.2d 742, 744 (8th Cir. 1992); *United States v. Soto Rivera*, 581 F. Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F. Supp. 1117 (D.C. Fla. 1979). Here, Defendant faces a mandatory minimum sentence of 15 years' imprisonment, and a potential maximum sentence of life imprisonment.

Finally, Defendant is subject to a presumption that detention is warranted pending trial in this case. Subject to rebuttal, "when a 'judicial officer finds that there is probable cause to believe' that a defendant committed one of the crimes listed in section 3142(e)(3), there is a presumption in favor of detention." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing 18 U.S.C. § 3142(e)). In such cases, the "burden of producing rebutting evidence" shifts to the defendant, though the Government ultimately retains the burden of persuasion. *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992). And even if a defendant satisfies their burden of production, the presumption does not disappear from the analysis, since "the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society." *Id*. In the present case, Defendant is charged with violations of the Controlled Substances Act punishable by 10 or more years of imprisonment, and a violation of 18 U.S.C. § 924(c) in Count Four, both of which trigger the rebuttable presumption under section 3142(e). As a consequence, the initial burden of production is shifted to Defendant at any hearing on pretrial detention.

For the foregoing reasons, the United States requests that a detention hearing be held and that Defendant be denied bail.

Respectfully submitted,

NICHOLAS J. GANJEI
United States Attorney
Southern District of Texas

By  /s/ Byron H. Black
Byron H. Black
Assistant United States Attorney
SDTX Fed. No. 3874745
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9432
Email: Byron.Black@usdoj.gov

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on May 22, 2025, to the CM-ECF system of the United States District Court for the Southern District of Texas for electronic delivery to all counsel of record.

/s/ Byron H. Black
Byron H. Black
Assistant United States Attorney