|  | No. 4:23-cr-358 |  |
|---|---|---|
| UNITED STATES OF AMERICA | | |
| *vs.* | | UNITED STATES DISTRICT COURT |
| | | *SDTX*—HOUSTON |
| TYRONE RAYMOND BOLTON | | |

# MEMORANDUM REGARDING DETENTION HEARINGS AND SUPERSEDING INDICTMENTS

*TO THE UNITED STATES MAGISTRATE JUDGE PETER BRAY:*

Tyrone Raymond Bolton, Defendant, by and through his lawyer T. B. Todd Dupont II, comes now respectfully showing the following:

## Overview

When a superseding indictment is filed, federal law allows for a new detention hearing if there is new material information affecting Defendant's detention. In this case, the indictment broadened the conspiracy, which could impact the court's assessment of risk, even though Defendant's counts didn't change.

## Legal Basis

Detention hearings are primarily governed by 18 U.S.C. § 3142, part of the Bail Reform Act of 1984, which outlines procedures for determining whether a defendant should be detained pending trial. The statute specifies that a hearing is required in certain cases, such as those involving crimes of violence, offenses with significant imprisonment terms, or when there is a serious risk of flight or obstruction of justice. Crucially, subsection (f) allows for the reopening of a detention hearing "before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

This provision suggests that the key determinant is the existence of "new material information," rather than a strict requirement tied to changes in the

counts against Defendant. The statute does not explicitly address superseding indictments, but the flexibility in reopening hearings based on new information is relevant.

Under 18 U.S.C. § 3142(f), a detention hearing can be reopened if there is "new material information" not available at the initial hearing. The broadened conspiracy might qualify as such.

### Defendant's Requested Additional Detention Hearing

On March 21, 2025, at the arraignment on the superseding indictment before United States Magistrate Judge Richard W. Bennett, Defendant reserved the right to request a detention hearing on the superseding indictment. The government did not object. This reservation aligns with the statutory allowance for reopening hearings under 18 U.S.C. § 3142(f), suggesting that Defendant asserted his right to have the court reconsider detention based on the new indictment. Being able to have a detention hearing on a superseding indictment aligns with the statute's flexibility for new information, suggesting reconsideration can be based on new case details.

### Court's Determination

While the court may be hesitant to allow an additional detention hearing because Defendant's counts didn't change, federal law focuses on material changes, not just new charges, making a new hearing likely appropriate. In this case, the counts against Defendant did not change. However, the statute's focus on material information, rather than specific charges, suggests that the court should consider the broader context. For example, if the expanded conspiracy reveals new evidence of Defendant's role or the case's severity, this could be material to the detention decision. *See: Justice Manual | 26. Release And Detention Pending Judicial Proceedings (18 U.S.C. 3141 Et Seq.) | United States Department of Justice* [emphasizing that detention decisions are case-specific, reinforcing the need for flexibility in reassessing conditions based on new developments]. *See also*: *U.S. v. Gerken*, 868 F.2d 1269 (5th Cir. 1989) [where the accused offered new evidence to rebut the government's allegations, the district court, within its discretion, reopened the detention hearing to consider the new evidence]; and, *U.S. v. Shakur*, 817 F.2d 189 (2nd Cir. 1987) [holding to reopen detention hearing

under 18 U.S.C. § 3142(f), a judicial officer must find that information exists which was not shown to the movant at the initial hearing].

## Conclusion

Given the new information from the broadened conspiracy, it seems Defendant is entitled to a new detention hearing to reassess detention conditions. Furthermore, Defendant's reservation of rights further supports this claim, aligning with the statute's allowance for reopening hearings. While the statute provides for reopening hearings, the decision ultimately lies within the court's discretion, based on whether the new information is material.

Respectfully submitted,

DUPONT ✻ DUPONT

By: /s/ *T. B. Todd Dupont II*
    T. B. Todd Dupont II
    Texas Bar No.: 24004189
    915 Franklin Street, Unit 7M
    Houston, Texas 77002
    (713) 682-1800-telephone
    (281) 605-6828-facsimile
**LAWYER FOR DEFENDANT, TYRONE RAYMOND BOLTON**

<CERTIFICATE OF SERVICE>

I hereby certify that a true and correct copy of the foregoing instrument has been served upon the Assistant United States Attorney for the government herein, and all other parties, via **Southern District of Texas Case Management/Electronic Case Filing (CM/ECF) program**, a true copy thereof this the 22nd day of June, 2025.

By: /s/ *T. B. Todd Dupont II*
    T. B. Todd Dupont II